**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

COREY L. WALKER *et al.*                                                           PLAINTIFF
ADC #111864

V.                                        NO: 5:07CV00277 SWW/HDY

RICKEY TONEY *et al.*                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan

W. Wright.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.
2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was  not  offered at  the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the

1

> hearing before the District Judge in the form of an offer of
> proof,  and a copy,  or the original,  of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiffs Corey L. Walker, Cliffton Freeman, and Darel Lovett, filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983 on October 25, 2007.  Freeman and Lovett were dismissed by an order entered on December 21, 2007 (docket entry #16).  Thus, only Walker remains as a Plaintiff.  Now pending are motions to dismiss, and briefs in support, filed by Defendants Rickey Toney, Barbara Smith, and Alice Collins (docket entries #20 & #21), and Sheree Williams (docket entries #23 & #24).  Plaintiff has filed responses to each motion (docket entries #37 & #38).

## I.  Standard of review

In  evaluating a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6),  the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  *Springdale Educ. Ass'n v. Springdale Sch. Dist*., 133 F.3d 649, 651 (8th Cir. 1998).  The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines*

2

*v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

## II. Analysis

According to Plaintiff's complaint, he was a pre-trial detainee at the Jefferson County Jail on August 30, 2007, when he discovered foreign objects in the greens he was eating.  Plaintiff described the objects as "gristle like parts," and he spit out what was in his mouth, and began throwing up.  Collins told Plaintiff it was nothing.  Another correctional officer initially told Plaintiff it was chicken meat that was supposed to be there, and then later said that it was stems.  Plaintiff relates that he was told to save the greens, which he did.  Later, Smith allegedly told Plaintiff the greens looked like they had a rat's tail in them, and she would investigate.  However, Plaintiff apparently never learned the results of the investigation.  Additionally, an investigator from the state health department came to inspect the kitchen, and collect samples for testing.  Allegedly, the investigator never actually tested the samples.  Plaintiff alleges that Collins served the tainted trays, and that she, and the other Defendants, were involved in a conspiracy to cover up the incident.

Because Plaintiff was a pre-trial detainee at the time the events took place, his claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment.  *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003).  Defendants violated Plaintiff's due process rights if the jail's conditions of confinement constituted punishment.  *Id*.  However, because, "[u]nder the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment," courts apply the identical deliberate indifference standard as that applied to conditions of confinement claims made by convicts.  *Id*. (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)); *see also Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994).

A. *Defendant Williams*

Williams states that Plaintiff's complaint fails to state a claim for relief against her.[1]  In his complaint, Plaintiff does not allege that Williams personally contaminated his food, but only that she failed to fully investigate the issue, or to inform the warden of her findings.[2]  Plaintiff's response to Williams's motion makes clear that he also is contending that she conspired with others to cover up the incident.

While Williams may have violated health department policy by failing to submit the samples for testing, nothing she did, or failed to do, rises to the level of a violation of Plaintiff's constitutional rights.  *See Scher v. Chief Postal Inspector*, 973 F.2d 682, 683 (8th Cir. 1992) (prisoners had no independent constitutional right to have postal employees investigate complaints of mail tampering).  *See also Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).  There is not even an allegation that Plaintiff continued to have problems with his food that could have been resolved by a proper inspection.

Additionally, to prove a § 1983 conspiracy claim against a particular defendant, Plaintiff must show that the Defendants conspired with others to deprive him of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act caused him injury.  *Askew v. Millerd,* 191 F.3d 953, 957 (8th Cir.1999).  In this case, no constitutional right was violated.  Moreover, Plaintiff's alleged injuries stem from an incident that

---

[1]In fact, the answer filed on behalf of Williams asserts a defense of insufficiency of service, contending that there is no "Sheree Williams" who is a current or former employee of the health department.  However, because of the conclusions reached after considering the substance of Plaintiff's claims against the health inspector, the Court need not concern itself with obtaining the inspector's actual name, and perfecting service upon her.

[2]According to Plaintiff's complaint, the health inspector was actually called by a family member of another detainee, so it is not surprising that the health inspector did not submit a report to Plaintiff.

occurred prior to the formation of the alleged conspiracy. Thus, there was no overt act in furtherance of the alleged conspiracy that caused an injury, and Plaintiff cannot maintain a conspiracy claim. Accordingly, Williams's motion to dismiss should be granted.

*B. Defendants Toney, Smith, and Collins*

Toney, Smith, and Collins, also contend that Plaintiff's complaint does not state a claim for relief against them, and that Plaintiff's claims against Toney are further barred by *respondeat superior*. Plaintiff does not allege that either Toney, Smith, or Collins, intentionally served him tainted food. Rather, his claims against them appear to be that they did not adequately check the food before it was served, and then conspired to cover the incident up. Plaintiff apparently reached that conclusion because jail officials failed to report to him what they discovered after investigating the incident, or failed to adequately respond to his grievances. At most, Plaintiff has alleged that jail officials were negligent in not checking the food before they served it. However, "mere negligence on the part of prison officials is not a violation of a state prisoner's due process rights under the Fourteenth Amendment." *Walker v. Reed*, 104 F. 3d 156, 158 (8th Cir. 1997)(*citing Daniels v. Williams,* 474 U.S. 327, 328 (1986)). Nor does simple negligence on the part of prison officials amount to a violation of the Eighth Amendment prohibition against cruel and unusual punishment for inhumane conditions of confinement. *Id.* (*citing Farmer v. Brennan,* 511 U.S. 825, 835 (1994)). Likewise, jail officials' failure to respond to his grievances does not amount to a constitutional violation. *See Buckley v. Barlow*, 997 F.2d 494 (8th Cir. 1993)(per curiam) (holding that prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983). Finally, as discussed above, Plaintiff's conspiracy claims cannot stand. Accordingly, the motion to dismiss filed by Toney, Smith, and Collins should be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      The motions to dismiss filed by Rickey Toney, Barbara Smith, and Alice Collins (docket entry #20), and Sheree Williams (docket entry #23) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this __14__ day of February, 2008.

_____

UNITED STATES MAGISTRATE JUDGE